# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPERIOR COURT

### OF THE

## TERRITORY OF ORLEANS.

---

SPRING TERM—1812—FOURTH DISTRICT.

---

*TERRITORY* vs. *DUROSSAT & AL.*

SPRING 1812.
IV. District.

The jurisdiction of the Court, extends to the Sabine.

INDICTMENT for robbery, on one Mariann Lopez, a Spaniard, of twenty mules, and merchandize to the value of six thousand dollars.

THE robbery appeared to have been committed, on the public road, leading from *Natchitoches* to *Nacogdoches*, and west of the *Rio Hondo*.

IT was contended, for the defendants, that the place where the act was committed, was not within the limits of the territory, and consequently, out of the jurisdiction of the court. That the *Rio Hondo*, under the former governments, had been considered the boundary, and no jurisdiction was exercised by the present, beyond that river.

The offence is alledged to have been committed in the parish of *Natchitoches :* it is necessary to shew this fact, by proving it to have been committed within the limits of that parish, or, if there be no limits established by law, by shewing that jurisdiction had actually been extended. Some occurrences were referred to, and spoken of, as matters of public notoriety, and as historical facts ; it was said, that a treaty which had met the approbation of our government, had been formed between the Spanish governor Herrera, and general Wilkinson, by which it was stipulated that the tract of country between the *Rio Hondo* and the *Sabine*, should be considered neutral ground ; and that, in consequence, Wilkinson had proceeded, in conjunction with the Spaniards, to remove the settlers. The grand jury are sworn to enquire for the body of the district, but if the scene of the robbery was not within the parish of *Natchitoches*, which forms an integral part of the district, although it might be within the bounds of the territory, yet not being included in the district for which the grand jury is selected, they have no right to find a bill, and a court has no right to act on a bill so found. *Davezac, Wallace,* and *Low* for the defendants.

*Brackenridge* for the territory. The question of boundary, or limits of a territory, is a *political*, not

SPRING 1812.
IV. District.

TERRITORY
*vs.*
DUROSSAT
AL.

Q

Spring 1812.
IV. District.

TERRITORY
*vs.*
DUROSSAT &
AL.

a legal question. 1 *Martin* 151. The government is the proper power to declare the limits of the country over which it presides, or to settle them with foreign nations by treaty. When this has once been done, no subordinate power or department is competent to the examination of the justice or propriety of such act, but all must implicitly acquiesce. By an act of Congress, erecting this territory into a state government, the boundary is fixed at the *Sabine ;* this is not, however, extending the limits of Louisiana, but a declaration that Louisiana, under the territorial government, does extend, at least, as far as that river. This was made previously to the commission of the offences charged against the defendants; and if the question, as to the boundaries of the territory, was otherwise doubtful, it would be wanting in respect to the supreme power of the land, to disregard this solemn declaration. But it appears that in various instances, jurisdiction was actually exercised, beyond the *Rio Hondo,* by the civil magistrate ; so that, even if this were to be considered the criterion, no doubt can arise. It must, however, be observed that there has not been produced any official authentic documents, or in fact evidence of any kind, to prove that the *Rio Hondo* had been fixed upon as the line between former governments, or between the United States and Spain ; nor, indeed, is it alledged to have been en-

Spring 1812.
IV. District.

TERRITORY
vs.
DUROSSAT &
AL.

tered into by persons duly authorised, or to be any thing more than the private understanding of subordinate officers of either nation.

IT is not material that the place, where the act is alledged to have been committed, should be a part of the parish of *Natchitoches*—it is sufficient if it be within the territory of Orleans. This Court is appointed to preside over the territory, by the government of the United States, and no sub-divisions into districts, by the territorial legislature, can possibly have the effect of abridging the power, or jurisdiction, given to it by Congress.

*The Court*, MATHEWS, J. ..... The Court has jurisdiction—because the sovereign power has exercised the right of legislation over the tract of country, on which the offence was committed.

THE executive of the United States has extended its authority, by ordering its army to occupy the ground, and not to permit the Spaniards to advance on it.

THE jurisdiction of the Superior Court is co-extensive with the territory—the offenders, therefore, could be tried here or in any other district, where a jury could be procured according to the laws of the territory. This being the nearest, is, therefore, the most proper district.

SPRING 1812.
IV. District.

TERRITORY
*vs.*
DUROSSAT &
AL.

THE sovereign having legislated for it—the executive having acted on it—the judicial authority must be exercised, in order that government may be completely carried on. The other powers of government having acted, it does not behove the third to enquire into the legality of their act.

*Ex. rel.* Brackenrige.